IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID RICHARDSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-05-4029 |
| | § | |
| v. | § | |
| | § | JUDGE S. LAKE |
| AMERICAN HOME SHIELD OF TEXAS, INC., *et al.* | § | |
| | § | |
| | § | JURY |
| Defendants. | § | |
| | § | |

**DEFENDANTS' MOTION TO DISMISS**

BECK, REDDEN & SECREST, LLP
David J. Beck
State Bar No. 00000070
Michael E. Richardson
State Bar No. 24002838
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700 (telephone)
(713) 951-3720 (facsimile)

KIRKLAND & ELLIS LLP
Robert P. Gasaway
(Admitted Pro Hac Vice)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000 (telephone)
(202) 879-5200 (facsimile)

KIRKLAND & ELLIS LLP
Martin R. Boles
(Admitted Pro Hac Vice)
777 South Figueroa Street, Suite 3400
Los Angeles, California 90017
(213) 680-8400 (telephone)
(213) 680-8500 (facsimile)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

NATURE AND STAGE OF THE PROCEEDINGS .......... 2

STATEMENT OF ISSUES / STANDARD OF REVIEW .......... 4

SUMMARY OF ARGUMENT .......... 5

ARGUMENT .......... 6

I. THE COURT SHOULD DISMISS WITH PREJUDICE BECAUSE THE COMPLAINT SHOWS THAT PLAINTIFFS CANNOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED .......... 6

A. Plaintiffs' First Cause Of Action For "Common Plan Fraud And Deceit" Is A Concocted Cause Of Action That Is Not Cognizable Under Texas Law .......... 6

B. Plaintiffs' Second Cause Of Action For "Unjust Enrichment" Should Be Dismissed For Failure To State A Claim Under Rule 12(b)(6). .......... 9

II. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 9(B) BECAUSE ITS AVERMENTS OF FRAUD ARE NOT MADE WITH PARTICULARITY. .......... 10

CONCLUSION .......... 17

# TABLE OF AUTHORITIES

**Cases** **Page**

*1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*,
No. 14-04-00844-CV, 2005 WL 3116463
(Tex. App.—Houston [14th Dist.] Nov. 23, 2005) ........ 7

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
291 F.3d 336 (5th Cir. 2002) ........ 4, 5, 11

*Arneson v. Shary*,
32 S.W.2d 907 (Tex. Civ. App.—San Antonio 1930, no writ) ........ 9

*Becker v. National Educ. Training Group, Inc.*,
No. 3:01-CV-1187-M, 2002 WL 31255021 (N.D. Tex. 2002) ........ 9

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995) ........ 7, 8

*Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co.*,
313 F.3d 899 (5th Cir. 2002) ........ 8

*Castano v. American Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) ........ 8

*Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*,
88 F.3d 347 (5th Cir. 1996) ........ 7

*Coghlan v. Wellcraft Marine Corp.*,
240 F.3d 449 (5th Cir. 2001) ........ 9

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ........ 11

*Connor v. Halifax Hosp. Med. Ctr.*,
135 F. Supp. 2d 1198 (M.D. Fla. 2001) ........ 7

*Ensley v. Cody Res., Inc.*,
171 F.3d 315 (5th Cir. 1999) ........ 16

*Ernst & Young LLP v. Pac. Mut. Life Ins. Co.*,
51 S.W.3d 573 (Tex. 2001) ........ 7

*Fluorine On Call Ltd. v. Fluorogas Ltd.*,
380 F.3d 849 (5th Cir. 2004) ........ 15, 16

*Fortune Prod. Co. v. Conoco, Inc.*,
52 S.W.3d 671 (Tex. 2000) ..... 10

*Frith v. Guardian Life Ins. Co. of Am.*,
9 F. Supp. 2d 734 (S.D. Tex. 1998) ..... 11, 12

*Guidry v. Bank of LaPlace*,
954 F.2d 278 (5th Cir. 1992) ..... 13

*Hernandez v. Ceiba-Geigy Corp. USA*,
200 F.R.D. 285 (S.D. Tex. 2001) ..... 11

*In re Alamosa Holdings, Inc.*,
382 F. Supp. 2d 832 (N.D. Tex. 2005) ..... 7, 14

*In re Azurix Corp. Sec. Litig.*,
198 F. Supp. 2d 862 (S.D. Tex. 2002) ..... 5

*In re Krisnamurthy*,
209 B.R. 714 (B.A.P. 9th Cir. 1997) ..... 7

*Inglish v. Prudential Ins. Co. of Am.*,
928 S.W.2d 702 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ..... 10

*Johnson v. Metabolife Intern., Inc.*,
No. 3:01-CV-2082-6, 2002 WL 32494514 (N.D. Tex. 2002) ..... 15, 16

*Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*,
238 F.3d 363 (5th Cir. 2001) ..... 11

*Lovelace v. Software Spectrum, Inc.*,
78 F.3d 1015 (5th Cir. 1996) ..... 5

*Melder v. Morris*,
27 F.3d 1097 (9th Cir. 1994) ..... 14

*Musick v. Pogue*,
330 S.W.2d 696 (Tex. Civ. App.—San Antonio 1959, writ re'd n.r.e.) ..... 10

*Patel v. Holiday Hospitality Franchising, Inc.*,
172 F. Supp. 2d 821 (E.D. Tex. 2001) ..... 15

*Perrone v. General Motors Acceptance Corp.*,
232 F.3d 433 (5th Cir. 2000) ..... 8

*Phoenix Lumber Co. v. Houston Water Co.*,
61 S.W. 707 (Tex. 1901) ..... 10

*Sisco v. Hereford*,
694 S.W.2d 3 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) .......... 9

*Tuchman v. DSC Communications Corp.*,
14 F.3d 1061 (5th Cir. 1994) .......... 4, 5, 11, 12

*United States ex rel. Thompson v. Columbia/HCA Corp.*,
125 F.3d 899 (5th Cir. 1997) .......... 14

*United States ex rel. Wilkins v. North Am. Const. Corp.*,
73 F. Supp. 2d 601 (S.D. Tex. 2001) .......... 15

*Willard v. Humana Health Plan of Texas Inc.*,
336 F.3d 375 (5th Cir. 2003) .......... 4, 5, 11

*Williams v. WMX Techs., Inc.*,
112 F.3d 175 (5th Cir. 1997) .......... 11

**Other Authorities**

34 Tex. Jur. 3d *Equity* § 15 .......... 9

34 Tex. Jur. 3d *Equity* § 17 .......... 9

66 Am. Jur. 2d *Restitution and Implied Contracts* § 24 (2005) .......... 10

66 Am. Jur. 2d *Restitution and Implied Contracts* § 30 (2005) .......... 9

FED. R. CIV. P. 9(b) .......... 11

Defendants American Home Shield of Texas, Inc., American Home Shield Corporation, and The ServiceMaster Company (collectively, "AHS") hereby move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss the Original Class Action Complaint filed by Plaintiffs David Richardson and Brad Thompson.

## INTRODUCTION

This case involves two customers' complaints about services they received under an American Home Shield of Texas, Inc. residential service contract. The first plaintiff, Mr. David Richardson, is dissatisfied with the service he received in connection with an old air conditioning unit kept in the attic of his home. *See* Compl ¶¶ 34-37. The second plaintiff, Mr. Brad Thompson, is dissatisfied with the service he received in connection with a refrigerator that stopped working. *See* Compl. ¶¶ 39-43.

Notwithstanding their valid, enforceable contracts for the services to be provided by AHS, Mr. Richardson and Mr. Thompson have not brought breach-of-contract claims. Instead, they seek to dress up their contract claims — attempting to put them in a posture designed to support their unlikely class action allegations — by asserting a (i) heretofore unheard-of claim for "Common Plan Fraud and Deceit" (Count I) and (ii) a legally untenable claim for unjust enrichment (Count II). The gravamen of both claims is that AHS's performance under Mr. Richardson's and Mr. Thompson's own particular residential service contracts was deficient; that AHS has broadly engaged in a never-precisely-explained course of conduct constituting a unified scheme of fraud; and that, accordingly, Mr. Richardson and Mr. Thompson should be designated as representatives of a class of thousands of AHS Texas customers seeking the refund of millions of dollars paid for residential services that AHS has provided over the past five years.

This Court should not countenance Mr. Richardson's and Mr. Thompson's attempt to convert their straightforward, individual, contract claims into a wide-ranging class action

involving tens of thousands of AHS Texas customers. For reasons set forth below, Mr. Richardson and Mr. Thompson have not pleaded any facts entitling them to relief. There is no cause of action for "Common Plan Fraud and Deceit" recognized under Texas law. Moreover, the equitable remedy of unjust enrichment, while well recognized, is not available where, as here, contracts between the parties would provide a fully adequate legal remedy for the harms alleged. In addition, dismissal of the entire complaint is appropriate because Mr. Richardson and Mr. Thompson have failed to make their averments of fraud with the particularity that Rule 9(b) demands.

## NATURE AND STAGE OF THE PROCEEDINGS

AHS has been in the residential service business for more than 30 years. *See* Compl. ¶ 16. AHS sells residential service contracts (also colloquially referred to as "home warranties") in Texas and throughout the continental United States. *See id.* ¶¶ 15-16. In exchange for a modest annual fee, AHS agrees to arrange for service technicians to provide repair and replacement services when individual homeowners' covered appliances and systems break down due to ordinary wear and tear. *See id.* ¶¶ 15, 17.

Homeowners, like Mr. Richardson and Mr. Thompson, who have purchased an AHS residential service contract may call upon AHS when a covered appliance or system in their home breaks down. *See id.* ¶ 21. AHS in turn schedules a local contractor to visit the customer's home. *See id.* As long as the problem is covered under the contract, AHS will arrange for the contractor to repair or replace the malfunctioning system or appliance. *See id.* ¶ 15.

AHS markets its residential service contracts through three distinct channels: (i) sales made in connection with real estate transactions, *see id.* ¶ 18; (ii) direct-to-consumer sales, either by AHS or third parties, *see id.* ¶ 19; and (iii) renewals by existing customers, *see id.* Each channel involves different marketing and promotional materials, and different combinations of

written materials and oral statements to communicate with customers. *Cf.* ¶ 18-19 (noting that AHS markets home warranties to consumers through "telemarketing, television, print, radio and web-based advertising, and direct mail solicitation").

Mr. Richardson and Mr. Thompson both received their AHS residential service contracts in connection with the purchase of their homes. *See id.* ¶¶ 32, 38. Mr. Richardson alleges that he obtained his original residential service contract in 2000, and that each year thereafter he renewed his contract directly with AHS. *See id.* ¶ 32. He alleges that, in August 2005, AHS improperly denied a claim he made for service on an old air conditioning unit kept in his attic. *See id.* ¶¶ 33-37. Mr. Thompson makes similar allegations, contending that he obtained his residential service contract in March 2005, *see id.* ¶ 38, and that in September/October 2005, AHS Texas improperly denied and/or failed to properly respond to a claim for service on a refrigerator. *See id.* ¶¶ 39-45.

Mr. Richardson and Mr. Thompson allege that AHS's business practices have caused AHS to fail to deliver the services it promised, not only to Mr. Richardson and Mr. Thompson themselves, but also to thousands of other Texas customers. *See id.* ¶¶ 20-31. Their Complaint alleges generally that AHS improperly (i) employs "policies and practices to delay and deny warranty service," *see id.* ¶¶ 21-23; (ii) employs "practices and policies to dissuade AHS affiliated contractors from making warranty repairs," *id.* ¶¶ 24-27; and (iii) "fabricate[s] reasons and use[s] pretexts to deny claims," *id.* ¶¶ 28-31. (Of course, AHS denies these allegations. In 2004, for instance, AHS spent tens of millions of dollars in Texas, and a quarter of a billion dollars nationwide, hiring service technicians to provide services to AHS customers like Mr. Richardson and Mr. Thompson.)

Based on these allegations, Mr. Richardson and Mr. Thompson assert two causes of action: (i) for "Common Plan Fraud and Deceit"; and (ii) for unjust enrichment. *See id.* ¶¶ 56-68. Mr. Richardson and Mr. Thompson filed their Complaint on November 23, 2005, and served AHS on December 1, 2005. Pursuant to an unopposed motions by AHS, the Court extended, until January 17, 2006, the deadline for answering or otherwise responding to the Complaint.

## STATEMENT OF ISSUES / STANDARD OF REVIEW

The following issues are to be ruled on by the Court:

**Issue 1: Whether Plaintiffs Have Pleaded A Viable Cause Of Action For "Common Plan Fraud And Deceit."**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed when plaintiffs fail to allege any set of facts that would entitle them to relief. *See Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Although well-pleaded factual allegations should be accepted as true and construed in a light most favorable to the plaintiffs, *see id.*, legal conclusions and inferences not logically drawn from well-pleaded facts are entitled to no deference. *See Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). A trial court's decision on a Rule 12(b)(6) motion is reviewed *de novo*. *See Willard*, 336 F.3d at 379; *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002).

**Issue 2: Whether Plaintiffs Have Pleaded A Viable Claim for Unjust Enrichment Given That Plaintiffs Concededly Have Valid, Enforceable Contracts.**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed when plaintiffs fail to allege any set of facts that would entitle them to relief. *See Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Although well-pleaded factual allegations should be accepted as true and construed in a light most favorable to the plaintiff, *see id.*, legal conclusions and inferences not logically drawn from well-pleaded facts are entitled to

no deference. *See Tuchman*, 14 F.3d at 1067. A trial court's decision on a Rule 12(b)(6) motion is reviewed *de novo*. *See Willard*, 336 F.3d at 379; *ABC Arbitrage*, 291 F.3d at 348.

**Issue 3: Whether Plaintiffs Have Pleaded Their Averments Of Fraud With Sufficient Particularity to Satisfy the Requirements of Fed. R. Civ. Proc. 9(b).**

A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated the same as a dismissal for failure to state a claim under Rule 12(b)(6), *see Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *In re Azurix Corp. Sec. Litig.*, 198 F. Supp. 2d 862, 879 (S.D. Tex. 2002), which, as noted above, is reviewed *de novo*. *See Willard*, 336 F.3d at 379; *ABC Arbitrage Plaintiffs Group*, 291 F.3d at 348.

## SUMMARY OF ARGUMENT

**1.** The Complaint's two causes of action both fail as a matter of law and should be dismissed with prejudice.

Mr. Richardson and Mr. Thompson cannot recover for "Common Plan Fraud or Deceit" because there is no such thing as a tort action for "Common Plan Fraud and Deceit," either under the law of Texas or any other State. Count I should be dismissed because neither Mr. Richardson and Mr. Thompson nor any other party should be permitted to make up new causes of action in order to support otherwise untenable claims for relief. (*See* Section I.A., below.)

Likewise, Texas law bars Mr. Richardson and Mr. Thompson from enjoying any recovery under a theory of unjust enrichment. Mr. Richardson and Mr. Thompson both have concededly enforceable warranty contracts with AHS and, hence, adequate remedies at law. The availability of these contractual remedies — Mr. Richardson's and Mr. Thompson's adequate remedies at law — precludes further recovery for unjust enrichment. (*See* Section I.B., below.)

**2.** The Complaint also should be dismissed in its entirety because Mr. Richardson's and Mr. Thompson's averments of fraud have not been stated with anything approaching the particularity required under Federal Rule of Civil Procedure 9(b). The Complaint's vague, conclusory allegations that AHS does not provide the services it promises are not backed up with any particular facts that specifically identify the time, place, contents, or nature of any false misrepresentations on which Mr. Richardson and Mr. Thompson might have relied. Nor does the Complaint differentiate between the AHS defendants, or provide any specific information concerning the identity of the persons who made the alleged misrepresentations. (*See* Section II, below.)

## ARGUMENT

### I. THE COURT SHOULD DISMISS WITH PREJUDICE BECAUSE THE COMPLAINT SHOWS THAT PLAINTIFFS CANNOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Both counts of the Complaint should be dismissed under Rule 12(b) because plaintiffs have failed to plead any facts entitling them to relief. Their first cause of action (for "Common Plan Fraud and Deceit") fails as a matter of law because it does not exist; their second cause of action (for unjust enrichment) fails as a matter of law because contracts between the parties provide a fully adequate remedy for the harms plaintiffs' allege.

#### A. Plaintiffs' First Cause Of Action For "Common Plan Fraud And Deceit" Is A Concocted Cause Of Action That Is Not Cognizable Under Texas Law.

Mr. Richardson and Mr. Thompson have conjured up a new cause of action they call "Common Plan Fraud and Deceit." AHS is not aware of any Texas authority or any authority within the Fifth Circuit that has ever recognized this newly minted claim. Indeed, counsel for AHS has searched the ALLCASES, ST-ANN-ALL, and USCA Westlaw electronic database (encompassing all available federal *and* state cases and statutes) and has not found any Westlaw-

reported case or statute recognizing a cause of action for "common plan fraud," or "common plan deceit," or "common plan fraud and deceit."

Nor should Mr. Richardson and Mr. Thompson be permitted to make up a heretofore unheard-of cause of action. As another judge on this Court recently emphasized, "it is the parties' burden to present succinct pleadings" that "clearly lay out the elements" of a claim — "[a]ssembling puzzles is not the duty of the Court." *In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857-58 (N.D. Tex. 2005); *see also e.g.*, *In re Krisnamurthy*, 209 B.R. 714, 720 (B.A.P. 9th Cir. 1997) (legally "unintelligible allegations of 'extrinsic fraud'" could not be advanced). In short, no defendant and no court should ever be "required to guess as to what cause of action a plaintiff intends to assert." *Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198, 1220 (M.D. Fla. 2001).

It bears emphasis that plaintiffs have not pleaded a straightforward claim for fraud. To maintain an action for fraud, plaintiffs would need to plead and prove that they "actually and justifiably relied upon" AHS's alleged misrepresentations. *Ernst & Young LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 360 (5th Cir. 1996) (a plaintiff in a fraud action must show that "reliance was justifiable as well as actual"). As courts have recognized, justifiable reliance is an "essential" element of a fraud claim under Texas law, and without proving that reliance was justified, a plaintiff "cannot possibly prevail." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, No. 14-04-00844-CV, 2005 WL 3116463, at *11 (Tex. App.—Houston [14th Dist.] Nov. 23, 2005). It is therefore dispositive that plaintiffs' Complaint never makes the essential allegation that either Mr. Richardson or Mr. Thompson justifiably relied on AHS's representations. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("dismissal

is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief") (internal citation omitted). In fact, the Complaint says nothing at all about whether Mr. Richardson or Mr. Thompson justifiably relied on the representations made to them; instead, it merely alleges that "Plaintiffs and the members of the Class relied upon Defendants' misrepresentations, concealments, and omissions of material fact, in purchasing or obtaining home warranty plans from Defendants." Compl. ¶ 59; *see also Blackburn*, 42 F.3d at 931 ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal citation omitted).

Plaintiffs' attempt to concoct a new cause of action instead of pleading the familiar elements of fraud can likely be explained by the fact that, under Texas law, the issue of justifiable reliance must be determined on an individual basis. In particular, the presence or absence of justifiable reliance depends on "the fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud." *Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co.*, 313 F.3d 899, 906 (5th Cir. 2002). Because the presence or absence of justifiable reliance turns on inherently individual characteristics, fraud claims are rarely appropriate for class action treatment. *See, e.g.*, *Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 440 (5th Cir. 2000) ("Since individual reliance is necessary to prove actual damages, a class action may not be certified on this issue"). "A fraud class action cannot be certified when individual reliance will be an issue." *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996). In other words, plaintiffs cannot successfully plead fraud without foregoing their ability to maintain a class action.

In summary, this Court should not countenance plaintiffs' attempt to evade the prohibitions on fraud-based class actions by fashioning new, heretofore unheard-of causes of

action. Assertions of causes of action that do not exist are legal nullities, and the proper remedy for their advancement is dismissal with prejudice.

**B. Plaintiffs' Second Cause Of Action For "Unjust Enrichment" Should Be Dismissed For Failure To State A Claim Under Rule 12(b)(6).**

The Court should dismiss plaintiffs' second cause of action for unjust enrichment on the ground that Mr. Richardson and Mr. Thompson already have a fully adequate remedy at law. Because there is a valid, enforceable contract between the parties, the plaintiffs cannot recover on an equitable theory of unjust enrichment.

Courts have long recognized that equitable remedies, such as unjust enrichment, are not available in circumstances where there is an adequate remedy at law. *See Sisco v. Hereford*, 694 S.W.2d 3, 7 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) ("The inadequacies of the remedy at law is both the foundation of and conversely a limitation on equity jurisdiction"); *see also* 66 Am. Jur. 2d *Restitution and Implied Contracts* § 30 (2005). Indeed, when an adequate legal remedy exists, a party's failure to seek legal relief forecloses any recovery in equity. *See* 34 Tex. Jur. 3d *Equity* §§ 15, 17 (citing *Arneson v. Shary*, 32 S.W.2d 907, 910 (Tex. Civ. App.—San Antonio 1930, no writ) ("The parties having had a legal remedy and failed to use it, it is elementary and fundamental that no equitable relief will be granted")).

Both Texas courts and federal courts in this Circuit have consistently held that an unjust enrichment claim may not be brought where, as here, a valid, enforceable contract covers the subject matter of the parties' dispute. *See Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (applying Texas law) (because unjust enrichment is based on "quasi-contract," that equitable remedy is "unavailable when a valid, express contract governing the subject matter of the dispute exists"); *Becker v. National Educ. Training Group, Inc.*, No. 3:01-CV-1187-M, 2002 WL 31255021, at *4 (N.D. Tex. 2002) (plaintiff's unjust enrichment claim fails as a matter

of law because an express contract governs the issue in dispute); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (same). An express contract and an implied contract (or quasi-contract) may not co-exist. *See* 66 Am. Jur. 2d *Restitution and Implied Contracts* § 24 (2005); *see also Musick v. Pogue*, 330 S.W.2d 696, 699 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.) ("If there was an express contract, there could be no implied contract .... The one is destructive of the other.") (quoting *Phoenix Lumber Co. v. Houston Water Co.*, 61 S.W. 707, 709 (Tex. 1901)). Unjust enrichment claims are therefore "predicated on the absence of an express contract controlling the circumstances." *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 706 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Where valid contracts exist, claims for unjust enrichment may not be brought.

In this case, Mr. Richardson and Mr. Thompson, by their own allegations, have valid "service contracts" with AHS. Compl. ¶ 15 ("A home warranty plan is a service contract."); *see also id.* ¶¶ 32, 38. Moreover, AHS admits that its residential service contracts are generally enforceable against AHS by customers who have made proper payment and otherwise complied with the applicable contract terms. Given the allegations in the Complaint, it is clear that Mr. Richardson and Mr. Thompson have failed to allege the absence of a contract; or that AHS has denied the enforceability of their contracts; or that Mr. Richardson and Mr. Thompson has tried and failed to enforce their contracts. Simply put, plaintiffs have failed to allege the lack of an adequate remedy at law — an essential element of an action in equity. Count II of the Complaint should therefore be dismissed.

## II. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 9(B) BECAUSE ITS AVERMENTS OF FRAUD ARE NOT MADE WITH PARTICULARITY.

Dismissal of the entire complaint is also appropriate because it fails to make its averments of fraud with the particularity that Rule 9(b) demands.

The Federal Rules of Civil Procedure require that "all averments of fraud" made in a complaint be stated "with particularity." FED. R. CIV. P. 9(b). Rule 9(b) thus looks beyond how a plaintiff phrases its complaint, and applies "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *Hernandez v. Ceiba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). Here, both causes of action rest at bottom on averments of fraud. *See Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not").

In the Fifth Circuit, Rule 9(b) applies "with force, without apology." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). To survive a motion to dismiss, a plaintiff must "plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Willard*, 336 F.3d at 384-85 (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). The Fifth Circuit has therefore consistently held that, to satisfy Rule 9(b) a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage Plaintiffs Group*, 291 F.3d at 350; *accord Williams,* 112 F.3d at 177. In other words, a plaintiff must allege the "'who, what, when, where, and how' of the alleged fraud." *Willard*, 336 F.3d at 384 (internal citation omitted).

Rule 9(b)'s heightened pleading requirements serve an array of essential functions. Among other things, they ensure that defendants are provided fair notice as to the precise nature and grounds of plaintiff's claim; they eliminate fraud actions where the plaintiff's complaint is merely a pretext for "discovery of unknown wrongs;" and they protect defendants from

"unfounded charges of wrongdoing" that "injure their reputations and goodwill." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The remedy of dismissal is therefore appropriate in cases, like this one, where plaintiffs level sweeping, highly derogatory, and potentially very costly — but nonetheless exceedingly vague — allegations of fraudulent wrongdoing against a defendant.

In this case, Mr. Richardson and Mr. Thompson offer identical averments of fraud in connection with both counts of their Complaint. *Cf.* Compl. ¶ 57 (First Cause of Action) *with* Compl. ¶ 65 (Second Cause of Action). AHS strenuously disagrees with those allegations and, at the appropriate time and in the appropriate manner, would be pleased to refute them. But as an initial matter, it is facially evident that none of the plaintiffs' fraud accusations have been made with anything approaching the particularity that Rule 9(b) demands.

Mr. Richardson and Mr. Thompson allege that AHS "wrongfully: (a) represented that [its] home warranty plans have characteristics, benefits, and/or qualities that they do not have; (b) advertised, marketed, promoted, and sold [its] home warranty plans with the intent not to sell, issue, or service them as advertised; (c) represented that [its] home warranty plans confer or involve rights, remedies, or obligations which they do not have or involve; and/or (d) represented that [its] home warranty plans have been sold, issued, or serviced in accordance with a previous representation, when they have not." *See id.* at ¶¶ 57, 65. But they have not pleaded any particular facts to support these conclusory allegations. Nowhere in the Complaint does either Mr. Richardson or Mr. Thompson specify ***what*** was represented to them, ***who*** made the unidentified representations, ***when*** they were made, ***where*** they were made, or ***how*** they were made.

The Complaint contains no allegations identifying ***what*** specific statements were justifiably relied on by Mr. Richardson and Mr. Thompson. The Complaint merely alleges that Mr. Richardson's home warranty lists "several covered systems and appliances, including Plaintiff's 'Air Conditioning/Cooler' units," *id.* ¶ 32, and complains that Mr. Richardson was dissatisfied at not receiving the services he desired for a broken air conditioning unit. The Complaint likewise alleges that Mr. Thompson's residential service contract "includes extended coverage for appliance and systems in his main residence, a small guest house, and additional warranty coverage for a garage door opener, a clothes washer and dryer, termite coverage, and multiple refrigerators," Compl. ¶ 38, and asserts that Mr. Thompson was dissatisfied with the services he received. But no details are provided as to what specific representations induced Mr. Richardson and Mr. Thompson to purchase their AHS warranties, let alone how those statements were false. The mere suggestion that AHS is "somehow culpable" of some wrongdoing cannot satisfy Rule 9(b). *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). Nor does the Complaint cite to any specific contractual provisions, or any other statements made by AHS, on which Mr. Richardson or Mr. Thompson justifiably relied. In short, there are no allegations that would allow either the Court or AHS to understand the precise "nature and grounds" of the relevant averments of fraud.

To be sure, the Complaint broadly avers that "recent promotional and marketing materials" state that "American Home Shield is part of ServiceMaster, a $4.2 billion international company with a simple philosophy: When the customer needs services, we make sure the customer gets service." *Id.* at ¶ 16. The Complaint also avers that "[a]s with other promotional materials, recent solicitations 'guarantee' that AHS will 'pay for covered repairs and replacements of [the] home's major systems and appliances,' and assure consumers that every

AHS home warranty plan 'is backed by' ServiceMaster, a $4.2 billion company." *Id.* at ¶ 19. But these vague, general allegations cannot possibly satisfy Rule 9(b)'s strict pleading requirements. In fact, the Complaint does not even identify the relevant "promotional and marketing materials," much less allege that they were given to Mr. Richardson and Mr. Thompson; much less allege that Mr. Richardson and Mr. Thompson read those materials; much less allege that Mr. Richardson and Mr. Thompson actually and justifiably relied on those materials. Nor does the Complaint include copies of the materials, which might allow the Court to put the representations in context. *See Melder v. Morris*, 27 F.3d 1097, 1100-01 (9th Cir. 1994) (dismissing because plaintiff's allegations that particular facts were fraudulent was contradicted on the face of the document purportedly representing the fraud).

The Complaint is equally deficient regarding ***who*** specifically made the representations. For example, the Complaint does not identify the particular person who allegedly made fraudulent representations either to Mr. Richardson or to Mr. Thompson. *See, e.g., United States ex rel. Thompson v. Columbia/HCA Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (affirming dismissal of complaint where plaintiff failed to "identify any specific physicians who referred patients for medically unnecessary services"). In fact, the Complaint treats all of the defendants and their representatives in an undifferentiated fashion, alleging that "as a matter of policy and practice, Defendants' agents and representatives" improperly deny warranty claims." Compl. ¶ 29. Allegations that refer generally to "Defendants," however, cannot satisfy the requirements of pleading fraud with particularity. *See, e.g., In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857 (N.D. Tex. 2005) ("allegations in the Complaint made against 'Defendants' (plural or group) do not meet the requirements of pleading allegations of fraud"). As courts have consistently recognized, general allegations that "lump all defendants together failing to

segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b)." *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (E.D. Tex. 2001).

Nor does the Complaint identify ***when*** or ***where*** the allegedly fraudulent representations were made. Nowhere does the Complaint explain whether the representations were made when Mr. Richardson and Mr. Thompson paid for their AHS home warranties, or when they received their home warranties, or when they renewed their warranties, or at some other time. *See Johnson v. Metabolife Intern., Inc.*, No. 3:01-CV-2082-6, 2002 WL 32494514, at *3 (N.D. Tex. 2002) (allegation that defendant made fraudulent representations "through billboard, television and other media advertisements" did not satisfy requirement of identifying time and place of alleged misrepresentations) This failure to specify when and where the alleged misrepresentations were made is fatal, because the plaintiffs have the burden of pleading and proving that AHS's promises of future performance were knowingly false at the time they were made. *See, e.g., Fluorine On Call Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) ("must also show that the person making the promise had no intention of performing *at the time he made the promise*") (emphasis in original).

Finally, the Complaint is deficient because it provides no details concerning ***how*** the misrepresentations were made. *See, e.g., United States ex rel. Wilkins v. North Am. Const. Corp.*, 173 F. Supp. 2d 601, 616 (S.D. Tex. 2001) ("in cases in which the mechanism or basis of the fraud is not otherwise apparent from the face of the complaint, the plaintiff must explain how the fraud worked"). Even though the Complaint acknowledges that AHS markets its home warranties through a variety of sales channels — including through real-estate agents, *see* Compl. ¶ 18, and "through direct-to-consumer telemarketing, television, print, radio and web-

based advertising, and direct mail solicitation," *see id.* ¶ 19 — there are no allegations at all explaining how the representations were conveyed to Mr. Richardson and Mr. Thompson. *See Johnson v. Metabolife*, 2002 WL 32494514, at *3.

In sum, Plaintiffs have made clear their disappointment with services they received from AHS. But they have made no concrete allegations tying their sense of disappointment to a fraud. Significantly, a failure to live up to an alleged promise, standing by itself, is not itself evidence of fraud. *See, e.g.*, *Fluorine*, 380 F.3d at 858-59 (that the defendant broke its promise in December 2000 is not evidence that it committed fraud when it made the promise in August 2000); *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 322-23 (5th Cir. 1999) (that the plaintiff did not receive stock compensation is not evidence that the defendant committed fraud when it promised that the plaintiff would receive stock compensation). Because Mr. Richardson's and Mr. Thompson's fraud allegations have been pleaded far too vaguely to satisfy Rule 9(b), both Count I and Count II of their Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, AHS respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

By: David J. Beck /mer

David J. Beck
State Bar No. 0000070
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
(713) 951-3700 (telephone)
(713) 951-3720 (facsimile)
dbeck@brsfirm.com (email)

**ATTORNEY-IN-CHARGE FOR DEFENDANTS AMERICAN HOME SHIELD OF TEXAS, INC.; AMERICAN HOME SHIELD CORPORATION; AND THE SERVICEMASTER COMPANY**

OF COUNSEL:

Michael E. Richardson
State Bar No. 24002838
BECK, REDDEN & SECREST, LLP
One Houston Center
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
(713) 951-3700 (telephone)
(713) 951-3720 (facsimile)
mrichardson@brsfirm.com (email)

Robert R. Gasaway
(Admitted Pro Hac Vice)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000 (telephone)
(202) 879-5200 (facsimile)

Martin R. Boles
(Admitted Pro Hac Vice)
KIRKLAND & ELLIS LLP
777 South Figueroa Street, Suite 3400
Los Angeles, California 90017
(213) 680-8400 (telephone)
(213) 680-8500 (facsimile)

DATED: January 17, 2006

## CERTIFICATE OF SERVICE

This document was served in compliance with Rule 5b of the Federal Rules of Civil Procedure, via electronic means, on January 17, 2006, to:

Michael A. Caddell
CADDELL & CHAPMAN, P.C.
1331 Lamar, Suite 1070
Houston, Texas 77010

Elizabeth C. Pritzker
GIRARD GIBBS & DE BARTOLOMEO LLP
601 California Street, Suite 1400
San Francisco, California 94104

Michael E. Richardson
Michael E. Richardson